IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

v.                                    **CASE NO. 4:19-CR-00216-BSM**

**BRANDON CASTILLO-BARREDA**                                                       **DEFENDANT**

**ORDER**

Brandon Castillo-Barreda's pro se motion for compassionate release [Doc. No. 134] is denied because there are not extraordinary and compelling circumstances to warrant early release. *See* 18 U.S.C. § 3582(c)(1)(A).

A jury found Castillo-Barreda guilty on one count of conspiracy to distribute and possession with intent to distribute methamphetamine and two counts of distribution of methamphetamine. Doc. No. 116. He was given a below the guidelines sentence of 160 months of imprisonment on each count to run concurrently. Doc. No. 124. Castillo-Barreda now requests compassionate release based on: (1) family circumstances, specifically the need to financially support his minor children and emotionally support his wife; (2) his medical conditions, specifically depression, hypertension, and obesity, which he says cannot be taken care of by the BOP, and his greater risk of severe illness in BOP custody because of COVID-19; (3) the retroactive application of Amendment 821 to the Federal Sentencing Guidelines; and (4) his contention that he is not a danger to the community. His request is denied.

First, Castillo-Barreda's family circumstances do not warrant early release. This is true because the record does not support his contention that the mother of his children is

unable to care for them, and because the PSR indicates that he did not have an active role in caring for his children before imprisonment. Doc. No. 138 at 5–6. Financial and emotional burdens are not typically extraordinary and compelling reasons to reduce a sentence. *See United States v. Gonzalez*, No. 17-CR-60223, 2021 WL 4066897, at *5 (S.D. Fla. Sept. 7, 2021) (families of incarcerated individuals must "make necessary and inconvenient life adjustments during that individual's incarceration").

Second, Castillo-Barreda's medical conditions do not warrant early release because nothing in his medical records indicates that he is unable to physically endure incarceration. Doc. No. 138 at 6–7.

Third, the retroactive application of Amendment 821 to the Federal Sentencing Guidelines does not apply to Castillo-Barreda because he is not eligible for the zero-point reduction based on U.S.S.G. § 4C1.1(a)(10), because he received a role-in-the-offense adjustment. *See* U.S.S.G. § 4C1.1(a)(10) (excluding the application of the zero-point reduction if a defendant received an adjustment under § 3B1.1 (Aggravating Role)).

Fourth, Castillo-Barreda cannot demonstrate that he is not a danger to the community because he was distributing large quantities of methamphetamine. *See United States v. Perry*, No. 4:14-CR-40018, 2021 WL 1317999, at *4 (W.D. Ark. Apr. 8, 2021).

At sentencing, less than two years ago, the section 3553(a) factors were considered in imposing a 160-month sentence and nothing in the record or in Castillo-Barreda's motion supports a reduction. *See United States v. Ram*, No. 5:13-CR-50045, 2020 WL 3100837, at

\*3 (W.D. Ark. June 11, 2020) (no reason to revisit section 3553(a) factors when movant has not met his burden of showing extraordinary and compelling reasons to justify early release).

    IT IS SO ORDERED this 13th day of May, 2024.

                                              _____
                                              UNITED STATES DISTRICT JUDGE